IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

LEE WASHINGTON,              )
                             )
            Plaintiff,       )
                             )
    v.                       )        CASE NO.  3:15-CV-942-WKW
                             )                    [WO]
RUSSELL COUNTY BOARD OF      )
EDUCATION, *et al.*,         )
                             )
            Defendants.      )

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's *pro se* Motion for Leave to File Amended Complaint, Motion to Stay Magistrate Recommendation and Memorandum of Law in Support.  (Doc. # 47.)  The court will construe this document as a motion for leave to file an amended complaint under Fed. R. Civ. P. 15(a).  *See* Fed. R. Civ. P. 8(e); *see also Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014) (requiring that "*pro se* filings" be "liberally construe[d]").

The Eleventh Circuit has made clear that courts should refrain from dismissing *pro se* complaints for failure to state a claim where a redrafted pleading could plausibly cure the complaint's deficiencies.  "Where a more carefully drafted complaint might state a claim, a [*pro se*] plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice."

*Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part*, *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541 (11th Cir. 2002) (*en banc*).[1]  This rule admits of only two exceptions: "(1) where the plaintiff has indicated that she does not wish to amend her complaint; and (2) where a more carefully drafted complaint could not state a claim and is, therefore, futile." *Carter v. HSBC Mortg. Servs., Inc.*, 622 F. App'x 783, 786 (11th Cir. 2015).

Plaintiff has given no indication that he does not wish to amend his complaint. Rather, the motion before the court today shows just the opposite.  (Doc. # 47.) Moreover, Plaintiff's failure to file the motion until after the Magistrate Judge issued his recommendation (Doc. # 46) does not warrant a denial of leave to amend.  *Cf. Bank*, 928 F.2d at 1112 (requiring that leave be granted "where the plaintiff does not seek leave until after the district court renders final judgment . . . and even where the plaintiff never seeks leave to amend in the district court, but instead appeals the district court's dismissal") (citations omitted).  Accordingly, Plaintiff's motion for leave to amend may only be denied if amendment would be futile. *Carter*, 622 F. App'x at 786; *see Foman v. Davis*, 371 U.S. 178, 182 (1962).

Under the *Bank* standard, futility of amendment is a high bar.  "Leave to amend a complaint is futile when the complaint as amended would still be properly

---

[1] Although *Wagner* overruled the *Bank* standard as applied to plaintiffs represented by counsel, the court explicitly declined to extend its ruling to *pro se* litigants.  314 F.3d at 542 n.1 ("We decide and intimate nothing about a party proceeding *pro se*.").

dismissed." *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).  Where "the issue of futility . . . is close," the court must "err on the side of generosity to the" *pro se* plaintiff.  *O'Halloran v. First Union Nat'l Bank of Fla.*, 350 F.3d 1197, 1206 (11th Cir. 2003); *see Bettencourt v. Owens*, 542 F. App'x 730, 735–36 (11th Cir. 2013) ("In deciding whether a more carefully drafted *pro se* complaint might state a claim, i.e., whether an amendment would be futile, we have placed a heavy thumb on the scale in favor of answering that question in the affirmative.").  Thus, futility of amendment only justifies denial of leave to amend where "a more carefully drafted complaint could [not] conceivably state a valid claim," *O'Halloran*, 350 F.3d at 1206, or where it is "scarcely possible" that the *pro se* plaintiff's amended complaint would state a legally cognizable claim, *Silva v. Bieluch*, 351 F.3d 1045, 1049 (11th Cir. 2003).

In light of this forgiving standard of review, Plaintiff must get his second bite at the apple.  To be sure, Plaintiff's complaint is rife with pleading deficiencies.  (*See* Doc. # 46 at 8–29 (pointing out the complaint's various flaws).)  But the majority of Plaintiff's claims are at least colorable, albeit insufficiently pleaded.  For example, take Plaintiff's claim of "Retaliation," which the Magistrate Judge construed as "alleg[ing] causes of action for retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act."  (Docs. # 1 ¶ 21; 46 at 13.)  As written, the complaint fails to allege the elements of the respective causes of

action, and therefore fails to state a claim.  (*See* Doc. # 46 at 13–18.)  But, conversely, nothing in the complaint shows that a valid claim could not "conceivably" be stated. *O'Halloran*, 350 F.3d at 1206.  It very well may be that Plaintiff "participated in an activity protected by Title VII," "suffered an adverse employment action," and can show "a causal connection between participation in the protected activity and the adverse action."  *Pipkins v. City of Temple Terrace*, 267 F.3d 1197, 1201 (11th Cir. 2001) (setting out the elements of a cause of action for Title VII retaliation). Looking at the face of the complaint, we simply do not know.  And even if the complaint toes the line of "scarce[ ] possib[ility]," *Silvia*, 351 F.3d at 1049, we must "err on the side of generosity" and grant Plaintiff leave to amend. *O'Halloran*, 350 F.3d at 1206.

In sum, the flaws in Plaintiff's complaint are largely factual, rather than legal, in nature.  (*See generally* Doc. # 1.)  Given the Eleventh Circuit's mandate that "*pro se* filings" are to be "liberally construe[d]," *Winthrop-Redin*, 767 F.3d at 1215, and the "heavy thumb on the scale in favor of" granting leave to amend rather than dismissing with prejudice, *Bettencourt*, 542 F. App'x at 736, it cannot be said that leave to amend should be denied as futile.  Thus, because Plaintiff has actively sought to amend his complaint, neither exception to the *Banks* rule applies here.  *See Carter*, 622 F. App'x at 786.  Plaintiff therefore must be given a chance to cure his complaint's deficiencies.  Accordingly, it is ORDERED that Plaintiff's motion for

leave to file an amended complaint (Doc. # 47) is GRANTED.  It is further ORDERED as follows:

1.      On or before **October 7, 2016**, Plaintiff shall file an amended complaint that complies with the Middle District of Alabama's Local Rule 15.1.  *See* M.D. Ala. LR 15.1 ("Any amendment to a pleading, document or other papers, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading, document or other papers as amended, and may not incorporate any prior pleading, document or other papers by reference.");

2.      The pending motions to dismiss (Docs. # 9, 11, 12, 15, 18) are DENIED as moot; and

3.      The recommendation of the Magistrate Judge (Doc. # 46) is moot.

DONE this 22nd day of September, 2016.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE