IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| LEE WASHINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:15-CV-942-WKW |
| | ) | [WO] |
| RUSSELL COUNTY BOARD OF EDUCATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# **ORDER**

Before the court is the Recommendation of the Magistrate Judge (Doc. # 64), to which Plaintiff Lee Washington has objected (Doc. # 71). The court has conducted an independent and *de novo* review of those portions of the Recommendation to which objection is made. *See* 28 U.S.C. § 636(b).

Mr. Washington's first objection is to the standard of review used by the Magistrate Judge in considering Defendants' motions to dismiss. Previously, Mr. Washington, proceeding *pro se*, sought to amend his original complaint after an earlier Recommendation by the Magistrate Judge concluded the complaint should be dismissed for failure to state a claim upon which relief could be granted. (Doc. # 46.) The court allowed him to amend (Doc. # 48), and Mr. Washington filed his Amended Complaint *pro se* (Doc. # 49). Mr. Washington then acquired

counsel, who responded to Defendants' renewed motions to dismiss.[1] (Doc. # 59.) The Magistrate Judge notes in the instant Recommendation that the Amended Complaint retained many of the same defects as the first pleading, despite the detailed descriptions in the earlier Recommendation of its deficiencies. The Magistrate Judge concluded that because Mr. Washington's counsel had not moved to amend the Amended Complaint, it "minimally carries the tacit imprimatur of Plaintiff's retained counsel and, therefore, should not be 'liberally' or 'broadly' construed as the court would an ordinary *pro se* pleading." (Doc. # 64, at 9.)

Mr. Washington takes this to mean that the Magistrate Judge thought that "Fed. R. Civ. P. 8(a)(2) is not applicable to plaintiff's amended complaint," and objects to the Magistrate Judge applying a more stringent standard than Rule 8's general requirement that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." (Doc. # 71, at 6 (quoting Fed. R. Civ. P. 8(a)(2)).) But that is not at all what the Magistrate Judge did. Instead, the Magistrate Judge spent three pages discussing the correct standard of review and explaining why Mr. Washington's shotgun pleading failed that standard. It also noted that even if it had applied a "less stringent standard" due *pro se* litigants that Mr. Washington's pleading would still be insufficient. (Doc. # 64, at 6–9.) This was not error.

---

[1] Mr. Washington's counsel also filed the Objection to the Magistrate Judge's Report and Recommendation, then withdrew from representation. (*See* Docs. # 65–75.)

Mr. Washington next proceeds claim by claim, objecting to each of the Magistrate Judge's findings by, in effect, recounting the allegations found in the Amended Complaint and citing general principles of law relevant to the specific claim. But the fundamental problem identified by the Magistrate Judge regarding each of Mr. Washington's claims remains: The Amended Complaint simply does not allege sufficient factual content to allow "the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Magistrate Judge elaborated on how each claim failed to meet this standard, and the court agrees with those findings.

Accordingly, it is ORDERED as follows:

1. Mr. Washington's objection (Doc. # 71) is OVERRULED;

2. The Recommendation (Doc. # 64) is ADOPTED;

3. Defendants' Renewed Motions to Dismiss (Docs. # 50 and 53) are GRANTED to the extent such motions seek dismissal of Mr. Washington's federal-law claims pursuant to Rule 12(b)(6);

4. Mr. Washington's state-law claims are DISMISSED without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

A final judgment will be entered separately.

DONE this 5th day of March, 2018.

                                              /s/ W. Keith Watkins
                                    CHIEF UNITED STATES DISTRICT JUDGE